IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>)<br>v.      )<br>)<br>)<br>JAMES J. SEVERINO, )<br>)<br>Defendant. ) | Criminal Action No. 04-237 |

MEMORANDUM ORDER

CONTI, District Judge

Defendant James J. Severino ("defendant") filed a motion on July 6, 2005, requesting this court to modify or reconsider the sentence imposed on June 30, 2005.  Defendant filed a notice with the court on July 20, 2005, stating that he did not wish his motion filed on July 6, 2005, to be considered as an appeal or a motion pursuant to 28 U.S.C. § 2255.  The government responded to the motion August 2, 2005.

*Background*

On September 15, 2004, defendant was indicted on three counts of bank robbery, in violation of 18 U.S.C. § 2113(a).  Defendant plead guilty to all counts of the indictment before this court on March 4, 2005.  A sentencing hearing was held on June 30, 2005, and defendant was sentenced to concurrent terms of 63 months each at counts one, two, and three.  In addition, defendant was sentenced to concurrent three-year terms of supervised release at each count.  Finally, defendant was ordered to pay restitution to the victim institutions in the amount of

$10,781.00[1]. On July 6, 2005, defendant filed a motion to modify or reconsider his sentence. On July 13, 2005, he filed an appeal of his sentence with the United States Court of Appeals for the Third Circuit. On August 2, 2005, the government responded to defendant's motion. On August 29, 2005, the United States Court of Appeals for the Third Circuit, at Docket No. 05-3695, stayed all proceedings on defendant's appeal until this pending motion is decided.

*Discussion*

As defendant's motion was filed *pro se* and he does not indicate the basis for his motion, the court will construe defendant's motion as a motion to correct or reduce sentence under Federal Rule of Criminal Procedure 35.

The court has jurisdiction to rule on this motion, despite defendant's appeal, pursuant to Federal Rule of Appellate Procedure 4(b)(5), which provides:

> The filing of a notice of appeal under this Rule 4(b) does not divest a district court of jurisdiction to correct a sentence under Federal Rule of Criminal Procedure 35(a), nor does the filing of a motion under 35(a) affect the validity of a notice of appeal filed before entry of the order disposing of the motion. The filing of a motion under Federal Rule of Criminal Procedure 35(a) does not suspend the time for filing a notice of appeal from a judgment of conviction.

FED. R. APP. P. 4(b)(5); United States v. Poellnitz, 372 F.3d 562, 565n.5 (3d Cir. 2004)(holding that Federal Rule of Appellate Procedure 4(b)(5) did not divest the district court of jurisdiction to correct a sentence under Federal Rule of Criminal Procedure 35(a)).

---

1. As noted above, defendant filed a notice with this court on July 20, 2005, stating that his motion of July 6, 2005, was not to be treated as an appeal or a motion attacking his sentence under 28 U.S.C. § 2255.

Federal Rule of Criminal Procedure 35 provides the basis by which district courts may correct or reduce a sentence. That provision provides two ways in which a sentence may be modified. First, Rule 35 of the Federal Rules of Criminal Procedure allows for a correction for an arithmetic or technical error:

> (a) Correcting Clear Error. Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.

FED. R. CRIM. P. 35(a). Second, Rule 35 of the Federal Rules of Criminal Procedure allows a court, *upon a motion by the government*, to reduce a defendant's sentence for substantial assistance in investigating or prosecuting another person[2]. See FED. R. CRIM. P. 35(b).

The court finds that, in this case, defendant's motion does not implicate either of the provisions in Federal Rule of Criminal Procedure 35 and that defendant's motion should be denied.

Defendant's motion was filed within seven days after the sentencing[3]. Defendant's motion, however, does not seek to correct clear error as required under Federal Rule of Criminal Procedure 35(a). The motion seeks, rather, to re-argue points of law adjudicated at the sentencing hearing and to request a reduced sentence. Defendant argues that the court should

---

2. "A motion under Rule 35(b) may not be made by the defendant, nor may a court reduce a sentence under 35(b) on its own, without a government motion." 3 CHARLES ALAN WRIGHT, NANCY J. KING & SUSAN R. KLEIN, FEDERAL PRACTICE AND PROCEDURE § 585.1 (3d ed. 2004).

3. The court notes that the sentencing of defendant occurred on June 30, 2005. Defendant's motion was filed on July 6, 2005. Pursuant to Federal Rule of Criminal Procedure 35(c), sentencing is defined as the oral announcement of the sentence. As the oral announcement of defendant's sentence occurred on June 30, defendant satisfied the seven-day requirement of Federal Rule of Criminal Procedure 35(a).

have sentenced defendant to a lesser term of imprisonment under the advisory sentencing guidelines, that the court should not have applied an enhancement for a threat of death made during the commission of the bank robberies pursuant to United States Sentencing Guidelines Section 2B3.1(b)(2)(F), that the court should have considered that an accomplice of the defendant was not prosecuted when imposing sentence, and that defendant's counsel was ineffective. The court finds that none of these issues implicates a correction of clear error under Federal Rule of Criminal Procedure 35(a). The court notes that it is not opining on the merit of defendant's arguments on these issues. Defendant may pursue all of the above issues in his appeal to the United States Court of Appeals for the Third Circuit[4].

      With respect to Federal Rule of Criminal Procedure 35(b), the court notes that the government did not file a motion with this court to reduce defendant's sentence. Rule 35(b), therefore, cannot apply in this context.

---

4. The court also notes that its own independent review of the judgment in this case found no arithmetic or technical errors.

*Conclusion*

Therefore, this 9th day of November, 2005, **IT IS HEREBY ORDERED** that defendant's motion to modify or reconsider this court's July 6, 2005, sentencing of the defendant (Doc. No. 32) is **DENIED**.

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc:   Counsel of Record